On the Application for a Rehearing.
Breaux, J.
Impressed by the earnest application of counsel for a rehearing, and the commendable zeal it manifests in behalf of his clients, we have re-examined the voluminous transcript from cover to cover, and laid it aside convinced of the correctness of our decision, upon the points urged, on the previous hearing.
*1259 When the property in question was inherited by plaintiff’s mother* sisters and himself, it was subject to a mortgage, and a suit to foreclose that mortgage had-been instituted against their testator, James. Hart, who was in possession as owner.
As one of the adjudicatees of the prtiperty, in these proceedings-foreclosing the mortgage, the mother of plaintiff, with the executors, executed a twelve months’ bond, and thereby each acknowledged his ownership in the proportion of one-third — i. e., plaintiff’smother one-third, and the remainder for the estate.
A writ of fi. fa. having issued on the twelve months’ bond, the tutrix sued out an injunction, in which she alleged all the defencespleaded by the plaintiff in the suit at bar. The demand of thetutrix in the injunction proceedings was rejected. It was decreed that she was bound by the proceedings, and that the irregularities, pleaded were closed by the bond.
The property was sold contradictorily with the executors and the tutrix, and adjudicated to the Planters’ Association, thereby completely divesting the executors and the tutrix from their ownership.
If the executors had any claims in the property prior to this last sale, they were transferred to the adjudicatee. They were parties to the proceedings, and are bound by the adjudication. Since that sale Mrs. Bracey, personally and as tutrix, and the executors have no right to the property. The property passed out of their possession and ownership.
John Oalderwood, the vendor of James Hart, being dead, suit was; instituted by plaintiff’s tutrix against the legal representatives of his succession (warrantors of the title transferred by Oalderwood to-Hart to the property involved in this ease).
The plaintiff in that case recovered judgment against them as warrantors of the title.
In a compromise an amount was. received in satisfaction of the-judgment.
The plaintiff executed a power of attorney, which was lost. He-was of age at the date of the compromise. Prom the evidence it is fair to infer that it was sent to his mother to sign as his agent, transferring the judgment obtained by her, as tutrix and personally,, against the warrantor.
The power of attorney was considered at the time as giving ample; authority to the agent to effect the compromise.
*1260 Regarding the signature to the transfer still extant, the attorney representing plaintiff’s mother testifies that he made a written memorandum at the time of the fact that, Mrs. Bracey had signed plaintiff’s signature.
There is sufficient affirmative proof of a power of attorney. The ■evidence relating to the signature was sufficiently direct as to render it incumbent upon him to introduce his mother as a witness to disprove that she signed his name as a witness.
If she signed plaintiff’s name, as we have every reason to believe from the evidence that she did, the testimony admitted to prove the authority given in the power of attorney satisfies us that she was •duly authorized.
It therefore is proved that with his consent, his (plaintiff’s) mother and tutrix received the value of the property claimed by her for him when he was a minor — in other words, through her he accepted the eviction as legal and binding.
It is urged that in any event, as to one of the defendants, Hardin, we should change our decree; that he bought from Mrs. Bracey personally, prior to the last sheriff’s sale and before her divestiture of title at that sale, and that he has not interposed the pleas of res judicata and estoppel in his separate defence in this case, and, therefore, can not be benefited by those pleas filed by his co-defendants.
As a proposition of law we agree with plaintiff’s counsel in so far as relates to the plea of res judicata. It must be specially pleaded.
As to the plea of estoppel, though not specially made, the defendant, in objecting to the admissibility of testimony, did urge the grounds against admission that plaintiff was estopped.
It is argued that Mrs. Bracey sold the lot to him prior to the last sale, and that in consequence she sold it at a time that there was an interest remaining in the estate of James Hart, testator.
Without any objection whatever on the part of plaintiff, the defendant proved that subsequent to her sale to him the tutrix and her co-owners were completely divested of all title.
The plaintiff is confronted with the last deed, which we can not overlook, having been admitted in evidence without the least objection. An owner who allows proof admitted is bound by that proof. Plaintiff can not recover property of which he has been divested, be the date of divestiture what it may.
The plaintiff reiterates that the court is without jurisdiction in so *1261 far as relates to the defendant Hardin; that he held a title distinct and separate from that of his co-defendant.
His title is as dependent upon the regularity of the proceedings as those of his co-defendants.
It is the same, save that he purchased prior to the last sale made-—i. e., prior to the sale to the Louisiana Association of Planters.
After the divestiture by the effect of the last sale was proved, it was in all respects the same. He is therefore interested in all the proceedings from commencement to end. If this court had annulled the proceedings his title would have been annulled.
Moreover, this defendant claims his improvements, amounting in value to more than two thousand dollars.
The plaintiff claims the revenues and the land, of which the improvements are a part by destination.
The value of thése improvements and the rental value of the property are admitted. The pleading limits the claim for improvements to one fourth. Had the judgment been affirmed and the decree rendered in conformity with the pleading, a partition of these improvements would have been ordered of property of value within the jurisdiction of this court.
Rehearing refused.
McEnery, J., recuses himself, having been of counsel.